UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH ANTONETTI,

Plaintiff,

v.

E.K. MCDANIELS et al.,

Defendants.

Case No. 3:16-cv-00396-MMD-WGC

ORDER

## I. DISCUSSION

On April 5, 2017, this Court issued a screening order which permitted some claims to proceed, dismissed some claims with prejudice, and dismissed other claims with leave to amend. (ECF No. 3 at 20-21.) The Court granted Plaintiff thirty (30) days to file an amended complaint. (*Id.* at 22.)

On April 19, 2017, Plaintiff filed a motion for reconsideration on Counts IV, VII, XII, and XIII. (ECF No. 5 at 1-2, 5.) Plaintiff sought reconsideration on those counts but noted that he was doing what he believed was "required to secure appeal." (*Id.* at 6.) On April 24, 2017, Plaintiff filed a motion for an extension of time to file his amended complaint. (ECF No. 6.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

### A. Count IV

In Count IV of the complaint, Plaintiff challenged the prices of writing supplies at the canteen and alleged that he had been forced to end personal relations due to the expense of letter correspondence. (ECF No. 1-1 at 17.) In the screening order, the Court analyzed the allegations as an Equal Protection Claim and found that Plaintiff failed to state a claim because neither inmates nor the poor were protected classes. (ECF No. 3 at 10.) In the motion for reconsideration, Plaintiff argued that the excessive costs of stamps and pens prevented him from corresponding with friends and violated his First Amendment right to communicate by mail. (ECF No. 5 at 1.)

The Court finds that it did not commit clear error in the screening order. Although prisoners have a First Amendment right to send and receive mail, Plaintiff has not established that he has a First Amendment right for the prison to provide supplies cheap enough for him to continue corresponding with his friends. As such, the Court denies the motion for reconsideration on this count.

### B. Count VII

In Count VII of the complaint, Plaintiff alleged that the state-run-inmate canteen engaged in price gauging and had a monopoly. (ECF No. 1-1 at 22-23.) In the screening order, the Court dismissed the equal protection claim because inmates were not a protected class and Defendants appeared to charge all inmates the same prices. (ECF No. 3 at 12.) In the motion for reconsideration, Plaintiff argued that "[r]obbery of all inmates through monopoly, price gauging, should not permit N.D.O.C. to evade justice." (ECF No. 5 at 2.)

///

///

The Court denies the motion for reconsideration on this count. Plaintiff has not provided any argument demonstrating that the Court committed clear error in its initial decision.

**C.      Count XII**

In Count XII of the complaint, Plaintiff argued that Defendants' use of wrist restraints and ankle shackles to cause open wounds on Plaintiff violated Eighth Amendment deliberate indifference. (ECF No. 1-1 at 34.) In the screening order, the Court interpreted the Eighth Amendment violation as a claim for excessive force and found that Plaintiff failed to state a claim. (ECF No. 3 at 16-17.) In the motion for reconsideration, Plaintiff argued that the Eighth Amendment claim was for deliberate indifference to serious medical needs and not excessive force. (ECF No. 5 at 3.)

The Court grants Plaintiff's motion for reconsideration in part for Count XII. In viewing Count XII as a claim for deliberate indifference to serious medical needs rather than excessive force, the Court finds that Plaintiff states a colorable claim.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff states a colorable deliberate indifference to serious medical needs claim. Based on the allegations, prison officials' use of wrist and ankle restraints on Plaintiff has caused the ankle shackles to cut into Plaintiff's skin. (ECF No. 1-1 at 34.) According to Plaintiff, these injuries have prevented Plaintiff from walking to the showers and to his medical visits because of the "extreme pain" caused by walking with the shackles and the open wounds caused by those shackles. (*Id.*) This claim will proceed against Defendants Foster, Deal, Sisco, Williams, Baker, Byrnes, and Gittere.[1]

### D. Count XIII

In Count XIII of the complaint, Plaintiff alleged multiple constitutional violations due to the use of body restraints at his civil rights trial in federal court. (ECF No. 1-1 at 35-37.) In the screening order, the Court found that Plaintiff was attempting to appeal decisions of the trial court to this Court and dismissed the claim with prejudice. (ECF No. 3 at 18.) In the motion for reconsideration, Plaintiff argues that the appeal of that case would not address the constitutional violations. (ECF No. 5 at 6.)

The Court denies the motion for reconsideration on Count XIII. The Court finds that Plaintiff has not demonstrated that the Court committed clear error in its initial decision on this matter.

---

[1]To the extent that Plaintiff states in his motion for reconsideration that these allegations may also raise claims for due process and violations of the American with Disabilities Act, the Court makes no determination. (ECF No. 5 at 4.) Plaintiff did not raise these claims in his complaint. (*See* ECF No. 1-1 at 34.)

4

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 5) is granted in part. The Court grants the motion for reconsideration as to Count XII. Count XII, alleging deliberate indifference to serious medical needs, will proceed against Defendants Foster, Deal, Sisco, Williams, Baker, Byrnes, and Gittere.

It is further ordered that the motion for extension of time to file an amended complaint (ECF No. 6) is granted. Plaintiff must file his amended complaint on or before Wednesday, May 24, 2017.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take *several* months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will proceed *immediately* against Moore, Dugan, Sandoval (caseworker), Fletcher, Baker, Byrnes, Gittere, Deal, McDaniels, Foster, and Southworth (Count I-retaliation and due process); Sisco, McDaniels, Foster, Deal, Moore, Dugan, Sandoval (caseworker), Baker, Byrnes, Fletcher, Gittere, and Kerner (Count II-retaliation); Sisco, McDaniels, Foster, Deal, Moore, Dugan, Sandoval (caseworker), Baker, Byrnes, Fletcher, Gittere, Kerner, Williams, and Governor Sandoval (Count II-denial of access to the courts); Boyd and Kerner (Count III retaliation); McDaniels, Foster, Deals, Sisco, Baker, Byrnes, Fletcher, Gittere, Moore, Dugan, Williams, and Southworth (Count III-mail violations); Boyd and Kerner (Count IV retaliation); McDaniels, Sisco, Foster, Deal, Baker, Byrnes, Fletcher, Gittere, Kerner, and Boyd (Count IV-mail violations); McDaniels, Foster, Deal, Sisco, Baker, Byrnes, Fletcher, Gittere, and Hampton (Count VI-conditions of confinement); McDaniels, Foster, Deal, Sisco, Baker, Byrnes, Fletcher, Gittere, Southworth, and Moore (Count VIII-due process); McDaniels, Foster, Deal, Sisco, Williams, Baker, Byrnes, Fletcher, Gittere, and Southworth (Count X-conditions of confinement); McDaniels, Foster, Deal, and Sisco

///

(Count XI-due process); and Foster, Deal, Sisco, Williams, Baker, Byrnes, and Gittere (Count XII-deliberate indifference to serious medical needs) only.

DATED THIS 25th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE