UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH ANTONETTI, | Case No. 3:16-cv-00396-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| E.K. MCDANIELS, *et al.*, | |
| Defendants. | |

## I.  SUMMARY

On May 25, 2018, this Court issued a screening order on Plaintiff's first amended complaint ("FAC"), which permitted some claims to proceed, dismissed some claims without prejudice, and dismissed some claims with prejudice. (ECF No. 15 at 23-25.) In that order, the Court also denied several motions for injunctive relief, including a motion for flat rate envelopes, a motion to prevent Plaintiff from being transferred to another prison, and a motion relating to the transfer of $222 from an account. (*Id.* at 25.)

On June 11, 2018, Plaintiff filed a motion for reconsideration of the order with respect to Count IX, Count XII, Federal Torts Claims Act and Administrative Procedure Act claims, and the denial of the motions for injunctive relief. (ECF No. 16.)

## II.  LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is

presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## III.    DISCUSSION

### A.    Count IX

In Count IX of the FAC, Plaintiff challenged the grievance system. He alleged that certain Defendants abused the grievance process to intentionally frustrate, impede, deny, and screen out grievances, and affect court access. (ECF No. 8 at 40-43.) He further alleged that these Defendants became aware that plaintiffs must exhaust the grievance process to obtain relief in federal suits and small claims actions, so they delay, frustrate, deny, and use the grievance process to prevent Plaintiff from litigating and to create defenses for court. (*Id.*) Plaintiff also alleged that he had a First Amendment right to communicate and petition with higher level supervisors through grievances for the redress of issues, but certain Defendants had violated this right by not allowing complaints to proceed through the levels, in violation of the administrative regulations, so these complaints do not reach supervisors. (*Id.*) He alleged that grievances have been lost, delayed, and screened out for improper reasons. (*Id.* at 42.) Among other things, Plaintiff alleged that this conduct violated his First Amendment right to petition and his Fourteenth Amendment right to due process. (*Id.* at 40.)

In the screening order, the Court dismissed these claims without prejudice. (ECF No. 15 at 12-13, 15.) The Court explained that inmates lack a constitutional entitlement to a specific grievance system and that a plaintiff therefore cannot state a due process claim or a First Amendment claim based merely on the denial of a grievance, the failure to respond to a grievance, or an allegedly improper grievance system generally. (*Id.* at 12-13.) As the Court explained, this does not mean that there is never a remedy when a

prison official abuses the grievance system, but it is the specific injury caused by a particular act that is the basis for a constitutional cause of action, not the grievance system generally. (*Id.* at 13 n.7.)

In his motion for reconsideration, Plaintiff contends that he has a constitutional interest in the grievance process, that meaningful access extends to grievances, and that the First and Fourteenth Amendments are "activated" in grievances.[1] (ECF No. 16 at 2-3.)

There are constitutional rights that are related to grievances. For example, the First Amendment prohibits retaliation for the filing of a grievance and a prisoner may state a claim based on a particular act of retaliation or based on a particular rule that results in the punishment of a person who files grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004); *Bradley v. Hall*, 64 F.3d 1276, 1278-79 (9th Cir. 1995). Similarly, inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996). Prison officials' treatment of grievances may sometimes affect access to the courts. *See Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy,* 532 U.S. 223, 230 n.2 (2001). However, the constitutional right to access the courts is the right to bring to *court* a claim the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis,* 518 U.S. at 354. To state an access to the courts claim, the plaintiff must have suffered an actual *injury* by being denied access to the *courts*, and there are demanding standards for alleging such an injury. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis,* 518 U.S. at 351. Therefore, although a prison official's treatment of a particular grievance may sometimes ultimately help establish an access to the courts claim if the prison official's conduct prevents access to the courts, the treatment of the grievance, much less the general treatment of grievances, is not sufficient to prove an

---

[1]Plaintiff also relies on cases and statutes outside of the Ninth Circuit and Nevada, such as the South Carolina Administrative Procedures Act, that do not apply to this case. (*See* ECF No. 16 at 2.)

access to the courts claim. *See Stockton v. Tyson*, No. 1:10-CV-00662-BAM PC, 2011 WL 5118456, at *2-3 (E.D. Cal. Oct. 27, 2011).

Furthermore, there is not an independent constitutional right to a specific prison grievance procedure or an independent constitutional right to the processing of grievance appeals. *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988). Thus, contrary to Plaintiff's contentions, he does not have an independent constitutional right to have his grievances heard by supervisors through the grievance appeals process. He also cannot state a constitutional access to the courts claim merely by making general and vague allegations that Defendants employ their grievance system to impede access to the courts. Moreover, he cannot state a First Amendment retaliation claim by making conclusory allegations of retaliation.[2]

Accordingly, the Court finds that it did not commit clear error in the screening order and denies the motion for reconsideration on this count.

## B.    Count XII

In Count XII of the FAC, Plaintiff alleged, *inter alia*, the following: leg restraints have been used on some inmates in the general population at ESP for no reason and for menial movement, but are not used on other inmates in the general population. (ECF No. 8 at 47.) Plaintiff has to wear shackles to walk across the same yard where unrestrained inmates are, subjecting them to the risk of assault. (*Id.* at 47-48.) Inmates are made to drag property, garbage bags, and carts across the yard using hands that are cuffed behind their backs, with ankle chains on. (*Id.*) The restraints have caused injury to Plaintiff. (*Id.*) Plaintiff notified all the named Defendants that the leg restraints constantly cut up his ankles, remove skin completely to the tendon, and are placed on open wounds. (*Id.*) As

---

[2]Plaintiff appears to suggest in his motion for reconsideration that he can prove retaliation by showing violation of a right. (ECF No. 16 at 4.) The alleged violation of a right, much less general and vague allegations that rights have been violated, is not sufficient to prove a retaliation claim. A plaintiff must plead facts sufficient to show that a particular defendant violated the plaintiff's rights in a particular instance in retaliation for protected conduct or that the defendant retaliated against the defendant in a particular instance because the plaintiff exercised certain kinds of rights, and the plaintiff must meet the specific pleading requirements for stating a retaliation claim. *Rhodes v. Robinson*, 408 F.3d 559, 568-69 (9th Cir. 2004). Plaintiff did not do that in his FAC.

a result of the restraints and Plaintiff's injuries, Plaintiff has been unable to walk well, exercise, or go to the recreation yard and showers. (*Id.* at 50-51.) Nobody took any action on this matter to call for nurses for wounds, refrain from using restraints on the wounds, or use other restraints. (*Id.*) The FAC alleged that this conduct violated his Eighth Amendment rights, his Fourteenth Amendment rights, and the Americans with Disabilities Act ("ADA"). (*Id.* at 47.)

In its screening order, the Court permitted the Eighth Amendment claims and the equal protection claim to proceed, but dismissed the ADA claim. (ECF No. 15 at 17-19.) The Court explained that the ADA prohibits discrimination because of disability, not inadequate treatment for a disability, and that prisoners may not use an ADA cause of action to make an end-run around the Eighth Amendment. (*Id.* at 18-19.)

In his motion for reconsideration, Plaintiff argues that an ADA claim may be based on a lack of training and accommodation, not just discrimination. (ECF No. 16 at 4.) A refusal to accommodate someone's disability may, in some cases, be a basis for proving discrimination by reason of disability. *McGary v. City of Portland*, 386 F.3d 1259, 1264-65 (9th Cir. 2014). However, the amended complaint did not allege that Defendants refused to accommodate Plaintiff's disabilities. The amended complaint alleged that Plaintiff was injured by the restraints Defendants unnecessarily placed on him, that Defendants failed to treat his injuries, and that, *because of Plaintiff's injuries*, he could not participate in activities such as outdoor exercise. The amended complaint did *not* allege that Plaintiff had requested accommodations for disabilities, that Defendants had denied him such accommodations, or that his inability to engage in certain activities was *because of Defendants' refusal to accommodate his disabilities*. In short, Plaintiff did not allege an ADA claim. If Plaintiff wishes to move to amend the complaint at a proper time,[3] in order to *add* an ADA claim, he may attempt to do so, but the Court will not convert Plaintiff's Eighth Amendment claim into an ADA claim.

---

[3]Plaintiff is reminded that there is currently a stay in place in this action. Plaintiff may *not* move to amend the complaint while the stay is in effect.

1    Accordingly, the Court finds that it did not commit clear error in the screening order

2    and denies the motion for reconsideration on this count.

3    **C.    FTCA and APA Claims**

4    In his motion for reconsideration, Plaintiff states that the Court missed his Federal

5    Tort Claims Act ("FTCA") and Administrative Procedures Act ("APA") claims. (ECF No.

6    16 at 5.) Plaintiff does not say where in his 58-page FAC he stated claims for violations

7    of the FTCA and the APA. In any event, it is clear that Plaintiff cannot state a colorable

8    FTCA or APA claim. Both the FTCA and the APA involve legal claims against *federal*

9    actors. *See Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004) (FTCA); *Gilliam v.*

10   *Miller*, 973 F.2d 760, 762 (9th Cir. 1992). The Defendants in this case are not federal

11   actors. Accordingly, the Court denies the motion for reconsideration with respect to the

12   FTCA and APA.

13   **D.    February 9, 2018 Motion**

14   After Plaintiff filed his FAC, he was transferred to a prison in New Mexico. On

15   February 9, 2018, after Plaintiff filed the FAC, Plaintiff filed a document that the Court

16   interpreted as a motion for preliminary injunctive relief. (ECF No. 14; No. 15 at 22.)

17   Plaintiff's motion sought, *inter alia*, an order that NDOC return to him $222 that he says

18   was taken from his discharge money account when he was transferred to a prison New

19   Mexico. (ECF No. 14 at 2-3.)

20   The Court denied the motion. (ECF No. 15 at 22). With respect to the $222, which

21   Plaintiff said was taken when he was transferred to the New Mexico prison, the Court

22   determined that Plaintiff was seeking relief for conduct that was not the subject of the

23   FAC and also determined that Plaintiff had not shown that he was likely to suffer

24   irreparable harm if the Court did not order the immediate return of that money. (*Id.*)

25   In his motion for reconsideration, Plaintiff maintains that his request for injunctive

26   relief concerning the $222 is related to his action.[4] (ECF No. 16 at 5.) However, Plaintiff

27   _____

28   [4]It is clear from Plaintiff's pleadings that the alleged transfer of the $222 took place after Plaintiff filed his FAC and is not a subject of the FAC.

does not contend that the Court incorrectly concluded that Plaintiff had failed to demonstrate that he would be irreparably harmed absent an immediate order regarding the $222.[5] (ECF No. 16 at 5.) Accordingly, the Court finds that it did not commit clear error by denying the motion for injunctive relief and denies the motion for reconsideration.

### E. Motions Regarding Transfer and Flat Rate Envelopes

On October 10, 2017, Plaintiff filed a document that the Court construed as a motion for preliminary injunctive relief requiring that the Defendants at Ely State Prison provide him with flat rate envelopes for mailing his legal mail. (ECF No. 10.) On October 25, 2017, Plaintiff filed a document that the Court construed as a motion for a temporary restraining order to prevent his transfer to another prison. (ECF No. 11.) The Court denied the motions. (ECF No. 15 at 22.)

Plaintiff has been transferred to a prison in New Mexico, and his original motions are moot. In his motion for reconsideration, Plaintiff maintains that the law library at the New Mexico prison is inadequate, that the prison in New Mexico does not provide him with legal supplies or USPS envelopes for mailing, that "Nevada" would not inform Plaintiff's counsel of Plaintiff's new address and it was months before Plaintiff could contact counsel, that Plaintiff lost thousands of dollars in property when he was transferred, and that he was denied due process with regard to his classification when he was transferred. (ECF No. 16 at 5-7.)

Plaintiff appears to be attempting to allege new claims for relief in his motion for reconsideration instead of filing complaints.[6] Plaintiff may not state claims through a motion for reconsideration. Furthermore, although Plaintiff maintains that these

---

[5]Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[6]To the extent Plaintiff is seeking reconsideration of the Court's denial of preliminary injunctive relief, the Court denies the motion for reconsideration.

occurrences are "related to" claims in his FAC, such as access to the courts, due process with regard to classification, and retaliation, it is clear that the factual allegations set forth in Plaintiff's motion for reconsideration are distinct from the factual allegations in the FAC. Similar legal theories do not mean that these new actions are the subject of the FAC. All of the actions Plaintiff complains of in his motion for reconsideration took place after he filed his FAC, and some of them took place in New Mexico. If Plaintiff wishes to pursue legal claims for relief based on these occurrences, he must allege them in separate complaints and separate courts.[7] They are not a part of this action.

## IV.    CONCLUSION

It is therefore ordered that the motion for reconsideration (ECF No. 16) is denied.

DATED THIS 15th day of June 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[7]The District of Nevada does not have jurisdiction with respect to New Mexico prison officials' actions in New Mexico.