**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH ANTONETTI,          )<br>                             )<br>       Plaintiff,           )<br>                             )<br>  vs.                        )<br>                             )<br>E.K. MCDANIELS, *et al.*,    )<br>                             )<br>       Defendants.          )<br>_____) | 3:16-cv-00396-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 50 |

     Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 50). Plaintiff's motion claims that (1) Plaintiff is unable to adequately pursue discovery and/or motion the court because he was sent to New Mexico Department of Prisons where he can only send out two letters a week, (2) Plaintiff has no access to law library or access to any Nevada or 9th Circuit case law, (3) Plaintiff is unable to read anything cited by the court or Attorney General's Office, and (4) Plaintiff is unable to argue or prepare motions, determine rights, and research. (*Id.*) Plaintiff further states that "New Mexico only provides (2) two pieces of paper a week and does not provide supplies for legal work." (*Id.* at 2.)

     A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

///

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims in this case and many others.[1]

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Despite Plaintiff having asserted multiple claims against a broad range of officials and employees of the Nevada Department of Corrections, the substantive claims involved in this action are not unduly complex. Plaintiff's First Amended Complaint was allowed to proceed on the following claims: Count I - alleging retaliation and due process violations against Defendants Moore, Dugan,

---

[1] Plaintiff is also no stranger to litigation and the court notes his involvement in the following civil rights lawsuits: *Antonetti v. Neven, et al.,* 2:07-cv-00162-MMD-VCF; *Antonetti v. Neven, et al.*, 2:08-cv-01020-APG-VCF; *Antonetti v. Skolnick,* 2:09-cv-02031-RLH-PAL; *Antonetti v. Las Vegas, Nevada, Co. Clark, et al.,* 2:13-cv-00064-RFB-NJK; *Antonetti v. Skolnick, et al.,* 3:10-cv-00158-LRH-WGC*; Antonetti v. Obama, et al.,* 3:11-cv-00452-ECR-RAM*; Antonetti v. Obama, et al.,* 3:11-cv-00548-LRH-WGC; *Antonetti v. Foster, et al.,* 3:14-cv-00495-JAD-VPC*; Antonetti v. McDaniels, et al.,* 3:16-cv-00396-MMD-WGC*; Antonetti v. Filson, et al., 3:17-cv-00605-MMD-CBC;* and *Antonetti v. Cox, et al.,* 3:18-cv-00067-MMD-CBC*.*

Caseworker Sandoval, Fletcher, Baker, Byrnes, Gittere, Deal, McDaniels, Foster and Southworth; Count II - alleging retaliation against Defendants Sisco, McDaniels, Foster, Deal, Moore, Dugan, Caseworker Sandoval, Baker, Byrnes, Fletcher, Gittere, and Kerner; portion of Count II - alleging denial of access to the courts against Defendants Sisco, McDaniels, Foster, Deal, Moore, Dugan, Caseworker Sandoval, Baker, Byrnes, Fletcher, Gittere, Kerner, Williams, and Governor Sandoval; Count III - alleging retaliation against Defendants Boyd and Kerner; portion of Count III - alleging mail violations against Defendants McDaniels, Sisco, Foster, Deal, Baker, Byrnes, Fletcher, Gittere, Kerner, and Boyd; portion of Count IV - alleging retaliation against Defendants Boyd and Kerner; portion of Count IV - alleging mail violations against Defendants McDaniels, Foster, Deals, Sisco, Baker, Byrnes, Fletcher, Gittere, Kerner, and Boyd; portions of Count V - alleging a First Amendment retaliation claim, a First Amendment claim regarding mail and publications, and a Fourteenth Amendment equal protection claim against Defendants Sergeant Boyd, Lester, Baker, Byrnes, McDaniels, Foster, Kerner, Deal, Sisco, Fletcher, B. Williams, and Caseworker Sandoval; Count VI - alleging conditions of confinement against Defendants McDaniels, Foster, Deal, Sisco, Baker, Byrnes, Fletcher, Gittere, and Hampton; Count VII - alleging a due process claim and a retaliation claim against Defendants Ms. Boyd, Sergeant Boyd, Kerner, Baker, Byrnes, Fletcher, McDaniels, Deal, Sisco, Foster, Williams, Southworth, Moore, Gittere, Neven, Dudely, and Lester; Count VIII - alleging due process violations against Defendants McDaniels, Foster, Deal, Sisco, Baker, Byrnes, Fletcher, Gittere, Southworth, and Moore; Count X - alleging conditions of confinement violations against Defendants McDaniels, Foster, Deal, Sisco, Williams, Baker, Byrnes, Fletcher, Gittere, and Southworth; Count XI - alleging due process violations against Defendants McDaniels, Foster, Deal, and Sisco; and Count XII - alleging an Eighth Amendment claim for deliberate indifference to serious medical needs, an Eighth Amendment failure to protect claim, and a Fourteenth Amendment equal protection claim against Defendants McDaniels, Neven, Foster, Sisco, Deal, B. Williams, Baker, Byrnes, Fletcher, Gittere, Caseworker Sandoval, Moore, and Southworth. (ECF No. 15 at 23, 24.) Again, despite the numerosity of claims and Defendants, these claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff includes no discussion of the merits

of any of his claims.

While any *pro se* inmate such as Mr. Antonetti would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 50).

**IT IS SO ORDERED.**

DATED: May 10, 2019.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE