AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, #13142
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
Renee Baker, Mark Boyd, Rebecca Boyd,
Dwayne Deal, Charles Dudley, Sheryl Foster,
William Gittere, Curtis Kerner, James Lester,
E.K. McDaniel, Williams Moore, Dwight Neven,
Brian Sandoval, Tasheena Sandoval, Scott Sisco,
Donald Southworth, and Brian Williams

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>    Plaintiff,<br><br>v.<br><br>E.K. MCDANIELS, et al.,<br><br>    Defendants. | Case No. 3:16-cv-00396-MMD-WGC<br><br>**ORDER GRANTING<br>DEFENDANT BOYD'S MOTION FOR<br>ENLARGEMENT OF TIME TO<br>RESPOND TO PLAINTIFF'S REQUEST<br>FOR PRODUCTION OF DOCUMENTS**<br>(Second Request) |

    Defendant Mark Boyd, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby moves this Court for an enlargement of time to answer Plaintiff's interrogatories.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELEVANT PROCEDURAL HISTORY**

    This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 15 at 1. Plaintiff, Joseph Antonetti (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* After Defendants answered Plaintiff's First Amended Complaint, ECF No. 46, this Court issued its Scheduling Order, which, *inter alia*, set forth the time permitted for discovery. ECF No. 47 at 2.

///

1

On May 21, 2019, this Honorable Court graciously granted Defendant Boyd's Motion for Enlargement of Time to Respond to Plaintiff's Requests for Production of documents. ECF No. 56. Unfortunately, due to a calendaring error at the Office of the Attorney General (OAG), the responses to the requests for production of documents were not served upon Plaintiff. Moreover, Boyd has not yet provided the OAG with the responsive documents for Plaintiff's eighty-one (81) requests, some of which request multiple documents, most of which span several years, and many of which Plaintiff should already have in his possession or could easily obtain on his own. Accordingly, Boyd respectfully requests this Court allow him thirty (30) additional days to respond to the discovery request.

## II. LEGAL AUTHORITIES

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1)[1] governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Therefore, a party requesting an enlargement of time to complete an act ***after*** the expiration of the time to do so must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has outlined several factors for determining when neglect is excusable for the purposes of FRCP 6(b)(1)(B). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). Those factors are as follows: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

## III. DISCUSSION

Here, a clerical error occurred at the OAG, so the deadline to serve Boyd's responses to Plaintiff's eighty-one (81) requests for production of documents was missed. Additionally, the OAG has not yet received the documents responsive to those requests, some of which request multiple documents, most of which span several years, and many of which Plaintiff should already have in his

---

[1] Rule 34 also specifically authorizes this Court to extend the time permitted for a party to respond to a request for production of documents. Fed. R. Civ. P. 34(b)(2)(A).

2

possession or could easily obtain on his own. Boyd asserts the calendaring error constitutes excusable neglect for the requested enlargement. Had the matter been properly calendared, the OAG would have timely secured responses from Boyd and served those responses on Plaintiff. The requested enlargement should not unfairly prejudice Plaintiff, nor should it impact these proceedings in any meaningful manner. Furthermore, Boyd makes this request in good faith and not for the purpose of unnecessary delay.

## IV. CONCLUSION

Based on the foregoing, Defendant Boyd respectfully request that he be allowed up to and including Friday, July 19, 2019, to respond to Plaintiff's requests for production of documents.

DATED this 20th day of June, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED: June 21, 2019.

_____
UNITED STATES MAGISTRATE JUDGE