UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>                Plaintiff,<br>v.<br><br>E.K. MCDANIELS, *et al.*,<br><br>                Defendants. | Case No. 3:16-cv-00396-MMD-WGC<br><br>ORDER |

The Court dismissed Defendants Michael Fletcher, Hampton, and Harold Mike Byrne under Fed. R. Civ. P. 4(m) after notice was issued. (ECF No. 9 (notice); ECF Nos. 70, 77.) About a month after the last dismissal order was issued, Plaintiff filed an objection (ECF No. 83) which the Court construes as a motion for reconsideration since there is no procedure for objecting to this Court's dismissal order. So construed, Plaintiff's motion is denied.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted). Further, a district court may decline to consider claims and issues that were not raised until a motion for

reconsideration. *See Hopkins v. Andaya*, 958 F.2d 881, 889 n. 5 (9th Cir. 1992), *impliedly overruled on other grounds in Federman v. Cty. of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003). It is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though "dire consequences" might result. *See Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985).

Plaintiff presents no valid reason for the Court to reconsider its decision to dismiss the three unserved Defendants. Plaintiff suggests that discovery may help him identify the address for Defendant Hampton, that his wife apparently found Defendant Fletcher working at another prison out of state, and that the Attorney General's office should be able to locate Defendant Byrne. (ECF No. 83.) But these claims do not show the Court committed clear error in finding that these Defendants have not been served.

It is therefore ordered that Plaintiff's objection (ECF No. 83), which the Court construes as motion for reconsideration, is denied.

DATED THIS 13th day of November 2019.

　　　　　　　　　　　　　　　　　　　　　　
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE