UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH ANTONETTI, | ) | 3:16-cv-00396-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | July 10, 2020 |
| E.K. MCDANIELS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>KAREN WALKER</u>   REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

    Before the court is Defendants' Motion for Leave to File a Belated Motion for Summary Judgment (ECF No. 113).  Defendants request an additional 63 days to file a dispositive motion and state:

> "the motion for summary judgment in the instant case was due on May 29, 2020. ECF No. 105 at 2. Quarantine measures recently imposed by Governor Sisolak in response to the COVID-19 virus pandemic have necessitated home-based work arrangements for staff at the Office of the Attorney General ("OAG"). Due to limited access to the OAG's legal document tracking software while working remotely, the undersigned counsel confused the two *Antonetti* cases and erroneously believed a motion for summary judgment had already been filed in this case." (*Id.* at 2.)

    The court will note that Defendants' motion fails to comply with LR IA 6-1(a) which states:

> A motion or stipulation to extend time must state the reasons for the extension requested and *must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.")* . . . (emphasis added)

  ///

MINUTES OF THE COURT
3:16-cv-00396-MMD-WGC
July 10, 2020
Page Two
_____/

      Although a technicality, it nonetheless is a component of the Local Rule regarding extensions.  Defendants' motion did not identify the number of prior extension requests sought by defendants, which in this instance reflects there were t*hree* prior requests - which the court granted.

      Additionally, Deputy Attorney General Martin does not explain how furloughs within the Attorney General's office (and how many days of furlough were required to be take and when) prevented requesting an extension of time *before* the dispositive motion deadline of May 29, 2020 expired. The court's docket reflects that the court has granted Defendants' multiple extensions to file dispositive motions (ECF Nos. 86, 88, 97, and 105).

      The court is concerned that to permit such an egregious miscalculation of deadlines that the calendaring system of the Office of the Attorney General appears to be in serious disarray.

      The court will nonetheless reluctantly **GRANT** Defendant's motion (ECF No. 113).  The parties shall have to and including **August 7, 2020**, in which to file dispositive motions.  The Joint Pretrial Order shall be filed on or before **September 7, 2020**, if no dispositive motions are pending. **THERE SHALL BE NO FURTHER EXTENSIONS GRANTED.**

      **IT IS SO ORDERED.**

      DEBRA K. KEMPI, CLERK

      By: _____/s/_____
           Deputy Clerk